**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50320 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00199-PSG-1 |
| v. | |
| LUIS HUMBERTO PROANO, aka Racer, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and MAHAN,[**] District Judge.

Officers arrested and interrogated Defendant Luis Humberto Proano after he

attempted to cash a check using someone else's personal information.  In the

district court, Defendant moved to suppress, among other things, several

incriminating statements that he made during the interrogation.  The district court

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

denied the motion with respect to those statements. We reverse and remand with instructions.

Defendant unambiguously and unequivocally invoked his right to remain silent when he told the interrogating officers "I have nothing to say." See Arnold v. Runnels, 421 F.3d 859, 865 (9th Cir. 2005) (explaining that "neither the Supreme Court nor this court has required that a suspect seeking to invoke his right to silence provide any statement more explicit or more technically-worded than 'I have nothing to say'"). Accordingly, the officers should have ceased questioning immediately. Anderson v. Terhune, 516 F.3d 781, 788 (9th Cir. 2008) (en banc). We thus instruct the district court to suppress all of Defendant's post-invocation statements.

**REVERSED** and **REMANDED** with instructions.